

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

FILED
NOV 04 2010
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

STATE OF TENNESSEE, ex rel. )
ROBERT E. COOPER, JR., in his official )
capacity as the Attorney General and )
Reporter of Tennessee, and **JAMES H. FYKE**, )
in his official capacity as the Commissioner of )
the Tennessee Department of Environment )
and Conservation, )
 )
      Plaintiffs, )
 )
v. ) No. 3:10-CV-467
 ) Varlan/Shirley
**ROANE HOLDINGS LIMITED** (formerly )
known as SMM Holdings Limited), a British )
Virgin Islands corporation, and )
**COMMERCIAL DEVELOPMENT** )
**COMPANY, INC.**, a Missouri corporation, )
 )
      Defendants. )

## COMPLAINT

The State of Tennessee, by the authority of the Attorney General of the State of Tennessee and through the undersigned attorneys, acting at the request of the Commissioner of the Tennessee Department of Environment and Conservation (TDEC), files this complaint and alleges as follows:

### I. PRELIMINARY STATEMENT OF THE CASE

1. This is a civil action under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601 et seq., for recovery of costs incurred and to be incurred in response to releases and threatened releases of hazardous substances at the Roane Alloys Site ("site") in Rockwood, Tennessee.

## II. PARTIES

2. This action is brought in the name of the State of Tennessee by plaintiff Robert E. Cooper, Jr., in his official capacity as the Attorney General and Reporter of the State of Tennessee. Pursuant to Tenn. Code Ann. §8-6-109(b)(1), the Attorney General is the chief law enforcement officer of the State of Tennessee and has authority over all civil litigation in which the State, or any officer, department, agency, board, commission or instrumentality of the State may be interested. The Attorney General also has authority over litigation involving the public interest. The Attorney General's official residence is in Nashville, Davidson County, Tennessee.

3. This action is also brought in the name of plaintiff James H. Fyke, in his official capacity as the Commissioner of the Tennessee Department of Environment and Conservation ("Commissioner"). The Commissioner is charged with the duty to enforce the provisions of the Tennessee Hazardous Waste Management Act, Tenn. Code Ann. § 68-212-201 *et. seq.* The Commissioner's official residence is in Nashville, Davidson County, Tennessee.

4. Roane Holdings Limited (formerly known as SMM Holdings Limited) (RHL) is a corporation organized under and existing by virtue of the laws of the British Virgin Islands. Commercial Development Company, Inc. (CDC) is a Missouri corporation.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of and the parties to this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a), and 9613(b), and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the releases or threatened releases of hazardous substances that give rise to the State of Tennessee's claim occurred in this district.

7.     A Consent Decree is being filed simultaneously herewith that will settle this matter in its entirety.

## IV. STATEMENT OF FACTS

8.     RHL is the owner of certain properties located on Gateway Avenue in Rockwood, Roane County, Tennessee, having purchased the properties in 1979. CDC is the owner of all of RHL's stock, and has agreed to assume the environmental responsibilities of RHL, as well as any contribution rights held by RHL.

9.     The properties referred to infra at ¶ 8 comprise the site that was formerly involved in the production of various ferroalloys including ferromanganese, ferrosilicon, and ferrochrome.

10.    The production of various ferroalloys including ferromanganese, ferrosilicon, and ferrochrome, taking place from 1956 to about 1982, produced wastes including various slags and baghouse dust, which were stockpiled on site. The site is currently inactive.

11.    TDEC has incurred response costs at the site, and would incur additional costs for purposes of additional investigation and the performance of further removal and/or remedial action.

## V. CERCLA COST RECOVERY UNDER 42 U.S.C.A. § 9607

12.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section --

. . .

(1) the owner and operator of a vessel or facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .

> from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for -- (A) all costs of removal or remedial action incurred by . . . a State . . .

not inconsistent with the national contingency plan; (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; . . . .

13. "Person" is defined in CERCLA Section 101(21) as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body." 42 U.S.C. § 9601(21).

14. "Disposal" is defined in CERCLA Section 101(29) by reference to the Solid Waste Disposal Act (SWDA). 42 U.S.C. § 9601(29). The SWDA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

15. "Hazardous substance" is defined in CERCLA Section 101(14) by reference to other federal statutes and by reference to a list of substances published by EPA at 40 C.F.R. § 302.4. 42 U.S.C. § 9601(14).

16. "Owner" is defined in CERCLA Section 101(20) as ". . . in the case of an onshore facility or an offshore facility, any person owning or operating such facility. . . ." 42 U.S.C. § 9601(20).

17. "Facility" is defined in CERCLA Section 101(9) as "any building, structure, installation, equipment, pipe or pipeline" or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed . . . ." 42 U.S.C. § 9601(9).

18. "Release" is defined in CERCLA Section 101(22) as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant) . . . ." 42 U.S.C. § 9601(22).

19. "Response costs" are defined in CERCLA Section 101(25), and includes "removal" actions, "remedial" actions, and enforcement activities related thereto. 42 U.S.C. § 9601(25).

## VI. CAUSE OF ACTION

20. The allegations in ¶'s 1 through 19 are incorporated herein by reference.

21. The site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. There has been a "release" and/or threatened "release," as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of a hazardous substance at or from the site.

23. The defendants are "person(s)" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

24. The defendants are the current owners and/or operators of the site within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

25. As a result of the release and threatened release of hazardous substances at or from the site, the State of Tennessee has incurred and expects to incur "response costs," as that term is defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

26. The costs incurred by the State of Tennessee in connection with the site are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

27. The defendants are liable pursuant to Section 107(a)(1)-(2) of CERCLA, 42 U.S.C. § 9607(a)(1)-(2) to the State of Tennessee for all costs of response actions taken or funded or to be taken or funded by the State of Tennessee in connection with the site.

28. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), a declaratory judgment on liability should be entered against the defendants that will be

binding in any subsequent action or actions seeking to recover further response costs or damages incurred by the State of Tennessee in connection with the Site.

### VII. PRAYER FOR RELIEF

WHEREFORE, the State of Tennessee requests that the Court:

1. Enter a judgment against the defendants for all costs incurred, and to be incurred in the future by the State of Tennessee, pursuant to Section 107, 42 U.S.C. § 9607; and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

2. Grant such other relief as the Court deems appropriate.

Respectfully Submitted,

*[signature]*
ROBERT E. COOPER, BPR No. 10934
Attorney General and Reporter

*[signature]*
PHILLIP R. HILLIARD, BPR No. 021524
Assistant Attorney General
Environmental Division
425 Fifth Avenue North
Nashville, TN 37243
(615) 741-4612